UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WALKER, | 1:13-cv-02102-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT AND FOR CLARIFICATION OF SCREENING ORDER |
| vs. | |
| C/O MOORE, | ORDER GRANTING EXTENSION OF TIME FOR DEFENDANT TO FILE RESPONSIVE PLEADING |
| Defendant. | |
| | (Doc. 15.) |
| | THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE MORE DEFINITE STATEMENT |

**I.   BACKGROUND**

Darryl Walker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2013. (Doc. 1.) The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on April 11, 2014 requiring Plaintiff to either file an amended complaint or notify the court that he is willing to proceed only on the claim found cognizable by the court against defendant Moore for use of excessive force under the Eighth Amendment. (Doc. 8.) On April 28, 2014, Plaintiff filed written notice that he is willing to proceed only on the cognizable claim, and requesting that all other defendants be dismissed from this action. (Doc. 9.) On May 8, 2014, the court issued an order for this case to

proceed only against defendant Moore for use of excessive force, and dismissed all other defendants and claims from this action. (Doc. 11.) Defendant Moore ("Defendant") waived service of process on June 25, 2014. (Doc. 14.)

On July 3, 2014, Defendant filed a motion for a more definite statement and for clarification of the court's screening order. (Doc.15.) Defendant also requested an extension of time to file a response to the Complaint. (Id.) On July 17, 2014, Plaintiff filed an opposition to the motion. (Doc. 20.) On July 22, 2014, Defendant filed a reply to the opposition. (Doc. 21.)

## II.   MOTION FOR A MORE DEFINITE STATEMENT – RULE 12(e)

A Rule 12(e) motion for a more definite statement is proper when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Fed. P. 12(e). A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief.") Fed. R. Civ. P. 8(a)(2).

Defendant argues that Plaintiff's Complaint contains vague allegations which do not clearly identify which of the defendants allegedly slammed Plaintiff against the wall, and that the court's screening order does not address this ambiguity. Defendant further argues that the court's finding that Plaintiff was not resisting does not appear to have been clearly alleged in the Complaint. Defendant asserts that the Complaint describes the allegations of excessive force in three different locations, none of which clearly identify Defendant Moore as the one who allegedly slammed Plaintiff against a wall. (Doc. 1 at 3, 5, 7.) Defendant also argues that the allegations in the Complaint appear to contradict those in Plaintiff's CDCR Form 602 attached as an exhibit to the Complaint, because the Form 602 describes one extra Doe Defendant who could have been the one who allegedly slammed Plaintiff against a wall. (Doc. 1 at 7.) Defendant claims that without clarification of the claims against him, he is unable to determine whether it would be appropriate to answer the complaint or file a motion to dismiss for failure to state a claim.

///

In opposition, Plaintiff asserts that his Complaint gives a "somewhat consolidated version" of the allegations against Defendant Moore, who threatened and assaulted him. Plaintiff argues that Defendant's motion should not be granted because it will delay the commencement of discovery.

**Discussion**

The court has a duty to screen prisoner complaints pursuant to 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The Rule 12(b)(6) standard requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "We construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011) (internal quotation marks omitted). Iqbal did not alter the rule that, "where the petitioner is *pro se*, particularly in civil rights cases, [courts should] construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks omitted). A plaintiff must link each defendant to the alleged § 1983 violation, and the factual allegations must be sufficient to give the defendants fair notice of the claims against them. Ortez v. Washington Cnty., 88 F.3d 804, 809-10 (9th Cir. 1996).

Plaintiff alleges in the Complaint:

> "June 20, 2011 CDC Officer Moore, defendant John Doe #1, #2, #3, and #4 came to Plaintiff's cell at Pleasant Valley State Prison, at 10:15 pm handcuffed Plaintiff and slammed into wall of the D-3 Unit building Officer Moore and defendant John Doe #1 bent back Plaintiff's wrist causing extreme pain while John Doe #2, 3 and 4 stood by without intervention. Plaintiff then placed in a medical center "holding cage" until 11:15 pm, where he was released and returned unescorted to his cell. Plaintiff later treated by medical staff for sprained wrist and mental health staff for mental distress June 22, 2011."

(Complaint at 3 ¶4.)  The court screened Plaintiff's Complaint and found that "liberally construed, Plaintiff stated a claim for relief against Defendant Moore for excessive force [and] alleged facts indicating that Defendant Moore, while Plaintiff was restrained and offering no resistance, slammed Plaintiff into a wall."  (Id. at 2:23-25.)

Defendant's argument that Plaintiff's allegations in the Complaint are vague and ambiguous has merit.  While the court read the allegations to indicate that five of the defendants -- CDC Officer Moore and Doe defendants #1-4 – all took part in slamming Plaintiff into a wall, Defendant reasonably finds the allegations ambiguous as to which of the five defendants actually participated in the conduct.[1]  The discrepancy in facts between Plaintiff's allegations in the Complaint and his allegations on the CDC Form 602 also supports Defendant's argument that the Complaint contains ambiguities.  Defendant also reasonably seeks clarification of the court's finding that Plaintiff offered "no resistance" before being slammed into a wall. Plaintiff's argument that discovery will be unduly delayed if he is required to submit a more definite statement is unpersuasive.  Here, Defendant raises the issue of linkage between Defendant and the alleged § 1983 violation, not simply a mere lack of detail obtainable during discovery.  Therefore, Defendant's motion for a more definite statement shall be granted.

### III.     REQUEST FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING

Defendant also requests an extension of time to file a response to the Complaint.  Good cause appearing, Defendant shall be granted an extension of time until thirty days from the date of filing of Plaintiff's more definite statement, in which to file a response to the Complaint.

### IV.     CONCLUSION AND ORDER

In light of the foregoing, the court shall grant Defendant's motion for a more definite statement.  Plaintiff shall be required to file a more definite statement within thirty days, clarifying his allegations that defendants slammed him into a wall on June 21, 2011, specifically indicating which named defendant or defendants slammed him into a wall.

---

[1] Plaintiff's allegation that Officer Moore and defendant John Doe #1 bent back his wrist, causing extreme pain and requiring medical treatment for a sprained wrist, also supports his claim for excessive force.

Plaintiff shall also indicate whether he was offering resistance to defendants before he was slammed into a wall.  Plaintiff shall title the statement "More Definite Statement," use the case number 1:13-cv-2102-AWI-GSA-PC, and sign the statement under penalty of perjury.[2]

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for a more definite statement, pursuant to Rule 12(e), is GRANTED;
2. Within thirty days of the date of service of this order, Plaintiff shall file a more definite statement, as instructed by this order;
3. Defendant's motion for clarification is GRANTED by this order;
4. Defendant is GRANTED an extension of time until thirty days from the file date of Plaintiff's more definite statement, in which to file a response to the Complaint; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **July 25, 2014**                    **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The more definite statement must be dated and signed by Plaintiff, attesting under penalty of perjury to facts known by Plaintiff, in substantially the following form: "I declare under penalty of perjury that the foregoing is true and correct.  Executed on (date) . (Signature)."  Such a declaration, if properly prepared, is admissible in federal court with the same effect as an affidavit.  28 U.S.C. § 1746.