UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WALKER, | 1:13-cv-02102-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S REQUEST TO MODIFY SCHEDULING ORDER |
| vs. | |
| C/O MOORE, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| Defendant. | (Doc. 28.) |
| | ORDER EXTENDING DEADLINES FOR ALL PARTIES TO THIS ACTION |
| | **New Discovery Deadline:**           06/25/15 |
| | **New Dispositive Motions Deadline:**  08/28/15 |

I.  **BACKGROUND**

Darryl Walker ("Plaintiff") is a prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 19, 2013.  (Doc. 1.)  This action now proceeds with the original Complaint, against defendant C/O Moore ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1]

---

[1] On May 8, 2014, the court dismissed all other claims and defendants from this action, on Plaintiff's Rule 41 motion to dismiss.  (Doc. 11.)

1

On August 20, 2014, the court issued a Scheduling Order establishing pretrial deadlines for the parties, including a deadline of April 20, 2015 to conduct discovery, and a deadline of June 29, 2015 to file dispositive motions. (Doc. 25.)

On April 13, 2015, Plaintiff filed a request to extend the discovery deadline for thirty days, and a motion for appointment of counsel. (Doc. 28.) Defendant has not opposed the motions.

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Plaintiff requests a thirty-day extension of the discovery deadline because he has been transferred to another institution, where he has limited time and resources for litigation, and he is therefore unable to meet the discovery deadline.

### Discussion

In light of the fact that Defendant has not opposed Plaintiff's motion to modify the Scheduling Order, and good cause appearing, the court shall extend the discovery deadline to June 25, 2015, and the dispositive motions deadline to August 28, 2015, for all parties to this action. Thus, Plaintiff's motion to modify the Scheduling Order shall be granted.

## III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

### **Discussion**

Plaintiff merely argues that he suffers from mental illness, without further explanation.  This does not make Plaintiff's case exceptional.  A review of the record in this case shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims.  The legal issue in this case, whether Defendant used excessive force against Plaintiff, is not complex, and this court is faced with similar cases almost daily.  Further, at this stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits.  <u>Id</u>.  Therefore, Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the Court's Scheduling Order, filed on April 13, 2015, is GRANTED;
2. The deadline for the parties to conduct discovery, including the filing of motions to compel, is extended from April 20, 2015 to **June 25, 2015**;
3. The deadline for filing and serving pretrial dispositive motions is extended from June 29, 2015 to **August 28, 2015** for all parties to this action;
4. All other provisions of the court's August 20, 2014 Scheduling Order remain the same; and

5. Plaintiff's motion for appointment of counsel, filed on April 13, 2015, is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**May 21, 2015**__               ____**/s/ Gary S. Austin**____
                                                    UNITED STATES MAGISTRATE JUDGE