UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WALKER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MOORE,<br><br>　　　　　Defendant. | 1:13-cv-02102-AWI-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND INVESTIGATOR<br><br>(ECF No. 35.) |

On August 5, 2015, plaintiff filed a motion seeking the appointment of counsel and an investigator.

**I.   APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. The fact that plaintiff is incarcerated and suffers from mental illness, without more, does not make

1

plaintiff's case exceptional. The court is faced with similar cases daily. While the court has found that "liberally construed, Plaintiff has stated a claim for relief against Defendant Moore for excessive force," this finding is not a determination that plaintiff is likely to succeed on the merits, and at this stage of the proceedings, the court cannot find that plaintiff is likely to succeed on the merits. (ECF No. 8 at 2:23-24.) The legal issue in this case -- whether Defendant used excessive force against plaintiff -- is not complex, and based on a review of the record in this case, the court finds that plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and plaintiff's motion for appointment of counsel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

## II.     APPOINTMENT OF INVESTOGATOR

As to his request for appointment of an investigator, plaintiff has been granted leave to proceed with this action in forma pauperis pursuant to 28 U.S.C. § 1915. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir.1989). The in forma pauperis statute does not authorize the expenditure of public funds for investigators. See 28 U.S.C. § 1915. Therefore Plaintiff has no right to the appointment of an investigator. Williams v. Wasco State Prison, No. 1:14-CV-01714-MJS PC, 2015 WL 3868566, at *1 (E.D. Cal. June 23, 2015) (citing see Rogers v. Giurbino, 288 F.R.D. 469, 489–90 (S.D.Cal.2012).

## III.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for the appointment of counsel is DENIED, without prejudice; and

2.      Plaintiff's motion for the appointment of an investigator is DENIED.

IT IS SO ORDERED.

Dated:    **August 6, 2015**                      /s/ Gary S. Austin
                                                  UNITED STATES MAGISTRATE JUDGE