UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WALKER,<br><br>        Plaintiff,<br><br>    vs.<br><br>C/O MOORE,<br><br>        Defendant. | 1:13-cv-02102-AWI-GSA-PC<br><br>ORDER DENYING MOTION TO COMPEL AS UNTIMELY<br><br>ORDER DENYING MOTION FOR COURT-APPOINTED COUNSEL<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE TO FILING A MOTION UNDER RULE 56(d) WITHIN THIRTY DAYS<br><br>(ECF No. 37.) |

**I.    BACKGROUND**

Darryl Walker ("Plaintiff") is a prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2013. (ECF No. 1.) This action now proceeds with the original Complaint, against defendant C/O Moore ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1]

---

[1] On May 8, 2014, the court dismissed all other claims and defendants from this action, on Plaintiff's Rule 41 motion to dismiss. (Doc. 11.)

1

On August 20, 2014, the court issued a Scheduling Order establishing pretrial deadlines for the parties, including a deadline of April 20, 2015 to complete discovery, and a deadline of June 29, 2015 to file dispositive motions. (ECF No. 25.) On April 13, 2015, Plaintiff filed a request to extend the discovery deadline for thirty days. (ECF No. 28.) On May 22, 2015, the court granted Plaintiff's request and extended the discovery deadline until June 25, 2015, and the deadline for filing dispositive motions until August 28, 2015. (ECF No. 29.) The discovery phase for this case is now closed.

On June 29, 2015, Defendant filed a motion for summary judgment. (ECF No. 34.) On August 5, 2015, Plaintiff filed a response to the motion. (ECF No. 35.) The motion for summary judgment is pending.

On September 14, 2015, Plaintiff filed a motion to compel discovery, a motion for court-appointed counsel, and a motion for extension of time to file an opposition to Defendant's motion for summary judgment. (ECF No. 37.) Plaintiff's three motions are now before the court.

**II.     MOTION TO COMPEL**

Plaintiff requests the court to compel defendant Moore to respond to Plaintiff's request for production of documents dated June 8, 2015. Plaintiff asserts that as of August 10, 2015, defendant Moore had not responded to the discovery request. Plaintiff asserts that he served the discovery request in a timely manner and argues that Defendant's failure to comply with discovery has hindered his efforts to obtain evidence to defeat summary judgment.

Plaintiff's motion to compel is untimely. The deadline to complete discovery in this action, including the filing of motions to compel, expired on June 25, 2015, more than two months before Plaintiff filed this motion to compel. Plaintiff has not demonstrated that with due diligence he could not have completed discovery during the ten-month discovery phase in this action which lasted from August 20, 2014 until June 25, 2015. Therefore, Plaintiff's motion to compel shall be denied.

///

///

### III. MOTION FOR COURT-APPOINTED COUNSEL

This is Plaintiff's fourth request for appointment of counsel within five months. As Plaintiff has been advised, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

**Discussion**

Plaintiff offers no argument in support of this motion. Plaintiff was previously advised by the court that his case is not exceptional under the legal standard the court is required to follow. A review of the record in this case shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims. The legal issue in this case, whether Defendant used excessive force against Plaintiff, is not complex, and this court is faced with similar cases almost daily. Further, at this stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Id. Therefore, Plaintiff's motion for appointment of counsel shall be denied.

### IV. MOTION FOR EXTENSION OF TIME

Plaintiff requests an extension of time to file an opposition to Defendant's motion for summary judgment, until after he has conducted further discovery.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Further, pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he

cannot present facts to oppose Defendants' motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. <u>Tatum v. City and County of Sacramento</u>, 441 F.3d 1090, 1100 (9th Cir. 2006); <u>Tuvalu v. Woodford</u>, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

**<u>Discussion</u>**

Plaintiff has not shown good cause for the court to grant him an extension of time to file an opposition to Defendant's motion for summary judgment. Plaintiff already filed an opposition on August 5, 2015, and the motion for summary judgment has been deemed submitted to the court under Rule 230(*l*).[2] Plaintiff offers no explanation why he did not file a motion for extension of time before now.

To the extent that Plaintiff seeks to defer the court's ruling on Defendants' summary judgment motion to allow more time for discovery, Plaintiff has not complied with the requirements of Rule 56(d). Plaintiff declares that the correctional officers' declarations submitted by Defendants in favor of their motion are a "fabrication," and that "there was never a required incident report as [to] C.D.C.R. policy and procedure to support documents used in support of Defendant's request for summary judgment." (Pltf's Decl, ECF No. 37 at 3.) This is not sufficient under Rule 56(d). To defer the court's ruling, Plaintiff must submit a declaration establishing the following: facts indicating a likelihood that controverting evidence

---

[2] Local Rule 230(*l*) provides as follows:

**Motions in Prisoner Actions.** All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired.

exists as to a material fact; specific reasons why such evidence was not discovered or obtained earlier in the proceedings (i.e. "good cause"); the steps or procedures by which he proposes to obtain such evidence within a reasonable time; and an explanation of how those facts will suffice to defeat the pending motion for summary judgment (i.e., to rebut the movant's allegations of no genuine issue of material fact). Tatum, 441 F.3d at 1101.

Therefore, Plaintiff's motion shall be denied, without prejudice to filing a motion under Rule 56(d) within thirty days, providing a declaration complying with the requirements of Rule 56(d).

## V.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on September 14, 2015, is DENIED as untimely;
2. Plaintiff's motion for court-appointed counsel, filed on September 14, 2015, is DENIED without prejudice; and
3. Plaintiff's motion for extension of time to respond to Defendant's motion for summary judgment is DENIED, without prejudice to filing a motion under Rule 56(d) within thirty days of the date of service of this order, as discussed in this order.

IT IS SO ORDERED.

Dated:   **October 5, 2015**              **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE