UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WALKER,<br><br>       Plaintiff,<br><br>    vs.<br><br>C/O MOORE,<br><br>       Defendant. | 1:13-cv-02102-DAD-EPG-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ORDER RESOLVING REQUEST FOR STATUS<br><br>(ECF No. 39.) |

## I.  RELEVANT PROCEDURAL HISTORY

Darryl Walker ("Plaintiff") is a prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 19, 2013. (ECF No. 1.) This action now proceeds with the original Complaint, against defendant C/O Moore ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] The discovery phase for this case concluded on June 25, 2015. (ECF No. 29.) On June 29, 2015, Defendant filed a motion for summary judgment. (ECF No. 34.) On August 5, 2015, Plaintiff filed an opposition to the motion. (ECF No. 35.) Defendant did not file a reply. The motion for summary judgment is pending.

---

[1] On May 8, 2014, the Court dismissed all other claims and defendants from this action, on Plaintiff's Rule 41 motion to dismiss. (ECF No. 11.)

On September 14, 2015, Plaintiff filed a motion for Court-appointed counsel, motion to compel discovery, and motion for extension of time to respond to Defendant's motion for summary judgment. (ECF No. 37.) On October 6, 2015, the Court issued an order denying Plaintiff's motions. (ECF No. 34.) On November 30, 2015, Plaintiff filed a motion for reconsideration of the Court's order. (ECF No. 41.)

## II.     MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See Kern-Tulare

Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### Appointment of Counsel

In support of reconsideration of his motion for Court-appointed counsel, Plaintiff informs the Court that he is proceeding in this case with assistance by a non-attorney, which Plaintiff requires because Plaintiff is in the mental health care program, on medication, and not consistently mentally stable. Plaintiff asserts that "people are not always able to help me and with limited access and resources I can't learn in the time allotted." (ECF No. 41 at 1.) This, without more, does not make Plaintiff's case exceptional. The Court is faced with similar cases almost daily. As Plaintiff was informed in the Court's order denying Court-appointed counsel, "[i]n determining whether exceptional circumstances exist, the district court must evaluate both the *likelihood of success of the merits* [and] the *ability of the [plaintiff] to articulate* his claims *pro se* in light of the *complexity of the legal issues* involved." (ECF No. 39 at 2:10-13 (emphasis added)). As Plaintiff was advised in the Court's order, the Court is unable to make a determination at this stage of the proceedings that Plaintiff is likely to succeed on the merits. (Id. at 3:20-21.) With respect to Plaintiff's argument that he is unable to continue this case without attorney representation, the Court notes that Plaintiff has found the means for two years to litigate this case, and Plaintiff's excessive force is not complex. Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration of the Court's order denying Court-appointed counsel shall be denied.

### Motion to Compel

Plaintiff seeks reconsideration of the Court's order denying his motion to compel as untimely. Plaintiff asserts that "the information the Defendant used to obtain a ruling was not accurate and the dates and deadlines are inconsistent." (ECF No. 41 at 2.) Plaintiff's conclusory assertion that Defendant's information was inaccurate, without more, is not sufficient to support his motion. As for the dates and deadlines at issue, the Court found that Plaintiff's motion to compel was untimely because discovery closed on June 25, 2015 and

Plaintiff filed his motion to compel on September 15, 2015, more than two months later. Based on these facts, Plaintiff's motion for reconsideration of the Court's order denying his motion to compel as untimely shall be denied.

**Extension of Time/Further Discovery**

Plaintiff seeks reconsideration of the Court's order denying him an extension of time to file an opposition to Defendant's motion for summary judgment, until after he has conducted further discovery. Plaintiff argues that the Court did not incorporate all rules that apply to the granting of an extension, and that "what [Defendant] told the Court is not consistent with the letter I received." (ECF No. 41 at 2.) Plaintiff also states that the Court failed to properly instruct him. Plaintiff's arguments, without supporting facts, are not persuasive. Moreover, the Court notes that Plaintiff filed a timely opposition to Defendant's motion for summary judgment on August 5, 2015, and the motion was fully briefed by mid-August 2015. (ECF No. 35; Local Rule 230(*l*).) Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

## III.    REQUEST FOR STATUS

Plaintiff requests a report of the status of this case. The Court does not ordinarily respond in writing to requests for status of cases. As a one-time courtesy, the Court offers this response, but Plaintiff should not continue to file written requests for status of his case.

Now pending in this case is Defendant's motion for summary judgment, which awaits the Court's ruling. No other dates or deadlines are in place at this stage of the proceedings.

Plaintiff is informed that he shall receive notice in this action as a matter of course.[2] All documents filed in this action shall be served upon all parties who have appeared in this action,

---

[2] Plaintiff is required to keep the Court informed of his current mailing address. Local Rule 182(f) provides: "Each appearing attorney and *pro se* party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the *pro se* party. Absent such notice, service of documents at the prior address of the attorney or *pro se* party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made."

including Plaintiff. Plaintiff can rest assured that he will receive notice, at his address of record, of rulings made in this case and deadlines established in this case, provided he keeps the Court informed of his current address.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on November 30, 2015, is DENIED; and

2. Plaintiff's request for status is RESOLVED.

IT IS SO ORDERED.

Dated: __December 28, 2015__          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE