UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WALKER,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. MOORE,<br><br>    Defendant. | 1:13-cv-02102-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATRIONS, RECOMMENDING THAT DEFENDANT MOORE'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br>(ECF No. 34)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY DAYS |

      Plaintiff Darryl Walker, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Sierra Conservation Center in Jamestown, has alleged a claim under the Eighth Amendment against Defendant Correctional Officer (C/O) Moore for use of excessive physical force. Plaintiff alleges in his complaint that on June 20, 2011, C/O Moore came to Plaintiff's cell, placed him in handcuffs and slammed him into the wall of Unit D-3. He alleges that C/O Moore "bent back plaintiff's wrist causing extreme pain." Complaint, p. 3 ¶IV; ECF No. 1.

      Defendant Moore has moved for summary judgment. He claims that (1) he did not utilize any force against Plaintiff, much less excessive force; (2) any alleged injury suffered by Plaintiff was *de minimis* in nature; and (3) Defendant Moore is entitled to qualified immunity.

      The Court finds that Defendant Moore has presented undisputed evidence that he did not place Plaintiff in handcuffs. However, Defendant Moore does not specifically address the

allegation that he also used excessive force to slam Plaintiff into a wall, and Plaintiff has submitted evidence supporting his allegations that Defendant Moore did so. Moreover, while Plaintiff's injuries may be *de minimis*, it is not clear that the force used was also *de minimis* and Defendant Moore does not present any evidence to refute Plaintiff's allegations on that point. While the ultimate factfinder may very well find that Defendant Moore's use of force was reasonable, the Court finds that it cannot come to that conclusion drawing all inferences in favor of Plaintiff based on the evidence presented. Summary judgment is thus denied.

I.  BACKGROUND

Plaintiff Walker filed his complaint in this Court on December 19, 2013. He alleges the following:

> June 20, 2011, CDC Officer Moore, Defendant John Doe #1, #2, #3, and #4 came to Plaintiff's cell at Pleasant Valley State Prison, at 10:15 pm handcuffed Plaintiff and slammed into wall of the D-3 unit Bldg. Officer Moore and Defendant John Doe #1 bend back Plaintiff's wrist causing extreme pain while John Doe #2, 3, and 4 stood by without intervention. Plaintiff then placed in a medical center "holding cage" until 11:15 pm, where he was released and returned unescorted to his cell. Plaintiff later treated by medical staff for sprained wrist and mental health staff for mental distress June 22, 2011.

Complaint, p. 3, ECF No. 1.

The Court[1] screened Plaintiff's complaint and held that Plaintiff had stated a claim against Defendant Moore for use of excessive physical force in violation of the Eighth Amendment. (ECF No. 8) Specifically, the Court held that "liberally construed, Plaintiff has stated a claim for relief against Defendant Moore for excessive force. Plaintiff has alleged facts indicating that Defendant Moore, while Plaintiff was restrained and offering no resistance slammed Plaintiff into a wall." (ECF No. 8, p. 2) The Court went on to dismiss claims against the Doe Defendants, while giving leave to amend the complaint. Plaintiff decided to stand on his original complaint.

Defendant Moore filed the instant motion for summary judgment on June 29, 2015. Defendant claims that undisputed facts establish that Defendant Moore "neither handcuffed,

---

[1] Magistrate Judge Gary Austin presided over the case at that time and issued this decision.

escorted, nor used any force against Walker," that Plaintiff's injury was *de minimus*, and that Defendant was entitled to qualified immunity. (ECF No. 34, p. 1) Plaintiff opposed the motion on August 5, 2015, and included a declaration by himself and also one from another prisoner, Jelani King. (ECF No. 35). Defendant did not file any reply, and the matter is now before the Court.

## II.      LEGAL STANDARDS

### A.  Summary Judgment

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

///

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, <u>Soremekun v. Thrifty Payless</u>, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012). The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**B. Excessive Force**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends on the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." <u>Id.</u> (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evidence. <u>Id.</u> at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Id.</u> at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" <u>Id.</u> at 9-10 (internal quotation marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u> at 7. "In determining whether the use of force was wanton and

unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

### C. Legal Standards for Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id.

In determining whether an officer is entitled to qualified immunity, the Court must decide (1) whether facts alleged or shown by plaintiff make out a violation of constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct. Pearson, 555 U.S. at 232 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at 236. In resolving these issues, the Court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

### III. ANALYSIS

In his motion for summary judgment, Defendant argues that "Walker was handcuffed and escorted from his cell to the Medical Clinic holding cell by Sergeant Pease. Defendant Moore took no part in these actions, and had no physical contact with Walker on June 20, 2011." Motion at 6:16-22, ECF No. 34-1. In support, Defendant submits declarations from

///

1 Defendant Moore and B. Pease, supporting this version of events under penalty of perjury.
2 (ECF No. 34-4 and 34-5).

3 In response, Plaintiff submits two declarations, from Plaintiff Walker and fellow
4 prisoner Jelani King.  Plaintiff's declaration states in relevant part, "I was pushed forcefully
5 against the outter [sic] wall of Building 3 left of the unit entrence [sic]."  (ECF No. 35, p. 2)
6 King's declaration states in relevant part "from my vantage point I was able to see the building
7 c/o Moore have his hands in the middle of walker's wrist by the links of the cuffs forcefully
8 propelling him forward out of the building."  (ECF No. 35, p. 5)

9 These conflicting declarations present a dispute of fact that cannot be resolved on
10 summary judgment.  To do so would require credibility determinations that would be improper
11 at this stage.  Plaintiff has presented evidence in the form of a declaration that supports his
12 complaint at least regarding the force used against the wall.  Thus, the Court cannot grant
13 Defendant's summary judgment based on the evidence Defendant has presented denying any
14 use of force against Plaintiff.

15 Defendant next argues that summary judgment is appropriate because "Walker suffered
16 only a very minor injury from Defendant Moore's alleged use of excessive force."  (ECF No.
17 34-1, at 6:23-24)  In support, Defendant includes a declaration of B. Pease stating under penalty
18 of perjury that "At no point during, or following this incident, did I observe any injury to
19 Plaintiff, nor did Plaintiff make any complaints to me regarding any injuries suffered as a result
20 of this incident."  (ECF No. 34-5 at 3:9-11)  Defendant also attaches the video interview of
21 Plaintiff, in which plaintiff describes his injury as "twisted, bent up on my wrist" and "I still got
22 pain in my wrist and my thumb."  (ECF 34-6, pp. 4, 5)  Plaintiff does not address this issue in
23 his response, so the Court takes as undisputed that the only injuries Plaintiff suffered were
24 twisted bent wrist that cause him pain in his wrist and thumb.

25 The Court agrees that Plaintiff's physical injury is *de minimis*.  However, that alone is
26 insufficient to find in favor of Defendant.  The U.S. Supreme Court explained in Wilkins v.
27 Gaddy, 559 U.S. 34, 34, 130 S. Ct. 1175, 1176-77, 175 L. Ed. 2d 995 (2010) "the use of
28 excessive physical force against a prisoner may constitute cruel and unusual punishment [even]

when the inmate does not suffer serious injury." Id. at 34 (citing Hudson v. McMillian, 503 U.S. 1, 4 (1992)).  The Wilkins Court went on to reverse a district court's dismissal of an excessive force claim "[b]ecause the District Court's approach, affirmed on appeal, is at odds with Hudson's direction to decide excessive force claims based on the nature of the force rather than the extent of the injury . . . ." Id. at 38.  The Ninth Circuit has applied Wilkins to reverse a district court's grant of summary judgment based purely on the *de minimis* nature of the injury. Holland v. Bach, 408 F. App'x 69, 70 (9th Cir. 2011) (vacating and remanding the district court's grant of summary judgment in favor of defendants on excessive force claim, stating "[t]he district court determined that there was no genuine issue of material fact as to whether defendants inflicted more than '*de minimis*' injury upon Holland.  However, the Supreme Court recently emphasized that the 'core judicial inquiry' is 'not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'"). Wilkins 559 U.S. at 37.

Thus, the relevant question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  This is a very difficult question to resolve based on the facts presented by the parties because Defendant Moore denies using any force at all, and Plaintiff's description of the force used is very minimal.  Ultimately, the Court finds that it cannot grant summary judgment in favor of Defendant Moore based on the facts presented.  While it appears very possible the force at issue, if any was used at all, was *de minimis*, there are also sufficient facts to indicate that force at that time would not have been a good-faith effort to restore discipline.  First, Plaintiff would have been handcuffed at the time of the alleged force.  Second, the declaration of witness King states "C/O Moore responds 'you don't want to fuck with me I'll make your fucken [sic] life miserable'" immediately before the incident in question. (ECF No. 35, p. 4)  These alleged facts indicate that if Defendant Moore truly slammed Plaintiff against the wall, as Plaintiff claims, it may have been in order to maliciously and sadistically cause harm, rather than for good faith purposes.

The Court thus denies Defendant Moore's motion for summary judgment on Plaintiff

Walker's excessive force claim.

Finally, Defendant Moore argues that he is entitled to qualified immunity "because he violated no constitutional right." Motion at 8:4-7, ECF No. 34-1. This argument is based on the same analysis as the excessive force claim, i.e. that "Moore did not use excessive force against Walker, and was neither involved in his handcuffing or escort, and therefore did not violate Walker's Eighth Amendment rights." Because the Court finds that Plaintiff has presented evidence to contradict Defendant's version of events, as described above, Defendant's related request for a grant of qualified immunity is also denied.

## IV.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court finds disputed questions of fact that preclude summary judgment on Plaintiff's claim for excessive force in violation of the Eighth Amendment against Defendant Moore. Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant Moore's motion for summary judgment, filed on June 29, 2015, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 29, 2015**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE