UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WALKER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>C/O MOORE,<br><br>　　　　Defendant. | 1:13-cv-02102-DAD-EPG-PC<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No. 49.)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 50.) |

## I.　BACKGROUND

Darryl Walker ("Plaintiff") is a state prisoner proceeding with counsel for limited purpose[1] with this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds with the original Complaint, filed by Plaintiff on December 19, 2013, against defendant C/O Moore ("Defendant") for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)

On April 28, 2016, Plaintiff filed a motion to amend the complaint and a motion for reconsideration of the Court's screening order. (ECF Nos. 49, 50.) On May 23, 2016, Defendant filed oppositions to the motions. (ECF Nos. 54, 55.) Plaintiff's motion to amend and motion for reconsideration are now before the Court.

---

[1] On May 3, 2016, the Court appointed attorney Brian Curtis McComas for the limited purpose of assisting Plaintiff with preparing for and participating in a settlement conference. (ECF No. 51.)

## II. LEAVE TO AMEND UNDER RULE 16

### A. Legal Standard

Under Rule 16 of the Federal Rules of Civil Procedure, a party must show good cause to amend the complaint after the deadline to amend in the Court's scheduling order has expired. Fed. R. Civ. P. 16(b)(4). "A schedule may be modified only for good cause and with the judge's consent." Id. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, he or she cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### B. Plaintiff's Motion

Plaintiff seeks to amend the Complaint to reinstate and identify four Doe Defendants. Plaintiff asserts that he did not know the Doe Defendants' names until they were identified in a declaration filed in support of Defendant's motion for summary judgment on June 29, 2015.

Defendant opposes the motion to amend because Plaintiff brought the motion well after the Court-ordered deadline to amend pleadings, after the close of discovery, and after the Court had set a trial date. Defendant argues that the motion to amend should be denied because Defendant does not consent to amendment, the motion to amend is untimely, Plaintiff has not explained his lack of diligence in trying to identify the Doe Defendants during the discovery phase, and the proposed amendment at this late stage would unduly delay this litigation and unfairly prejudice Defendant.

### C. Discussion

This case is ready for trial. The deadlines established for the parties to amend pleadings, participate in discovery, and file pretrial dispositive motions have expired. (ECF

Nos. 24, 29.)  On June 29, 2012, Defendant filed a motion for summary judgment, which was denied on December 29, 2015.  (ECF Nos. 34, 46.)  The case is now scheduled for a settlement conference on June 28, 2016 at 10:30 a.m., and jury trial on August 30, 2016 at 8:30 a.m.

Plaintiff seeks a Court order granting him leave to amend the complaint to reinstate and name four Doe Defendants.  These are the same Doe Defendants that Plaintiff voluntarily dismissed from the Complaint on May 8, 2014.  (ECF No. 9.)  Plaintiff asserts that he did not know the names of the Doe Defendants until they were identified in a declaration filed in support of Defendant's motion for summary judgment on June 29, 2015.  (ECF No. 34)  Thus, Plaintiff knew the names of the Doe Defendants on or about June 29, 2015, but did not file his motion to amend the Complaint until April 28, 2016, nearly ten months later.  Such delay does not show due diligence on Plaintiff's part.  Therefore, the Court does not find good cause to grant Plaintiff leave to amend the Complaint.

Moreover, Plaintiff's amendment of the Complaint at this late stage of the proceedings will cause undue delay which will prejudice Defendant.  If Plaintiff files an amended complaint, the Court will be required to screen the amended complaint and proceed with service of process and further discovery, which could take months or even years.  Such delay would cause prejudice to Defendant, who is presently preparing for trial in this case.  Given that Defendant Moore is alleged to be the only defendant who used excessive force against Plaintiff, and the Doe Defendants were allegedly present but did not participate, the Court finds that prejudice to Defendant Moore caused by delay of the case outweighs potential prejudice to Plaintiff if he is denied leave to proceed against the Doe Defendants.

Based on the foregoing, the Court does not find good cause to grant Plaintiff's motion for leave to amend, and the motion shall be denied.

### III. MOTION FOR RECONSIDERATION

#### A. Legal Standard

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B.  Discussion

Plaintiff requests reconsideration by the Court of the screening order issued on April 11, 2014, in which the Court found a cognizable claim in Plaintiff's Complaint for use of excessive force against defendant Moore, but no other cognizable claims. In the order, Plaintiff was required to either file an amended complaint, or notify the Court that he was willing to proceed only on the cognizable claim. On April 28, 2014, Plaintiff filed written notice to the Court, "request[ing] to proceed only against Defendant Moore, and request[ing] John Does 1-4 be

dismissed." Plaintiff now argues that the Court's order was erroneous because of "the Rule of the court that the John Doe is viable up into the time of discovery." (ECF No. 50.)

Plaintiff cites no authority in support of his argument, and the Court is not aware of the rule of court described by Plaintiff. Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Moreover, as described above, Plaintiff failed to move for leave to amend or to reconsider until nearly ten months after learning the identity of the Doe Defendants. Therefore, the motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the Complaint, filed on April 28, 2016, is DENIED; and

2. Plaintiff's motion for reconsideration, filed on April 28, 2016, is DENIED.

IT IS SO ORDERED.

Dated: **June 9, 2016**         /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE